## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| JAMES M. MCNAMARA,<br>  Plaintiff,<br>v.<br><br>HESS CORP. & HESS OIL VIRGIN ISLANDS CORP.,<br><br>  Defendants. | CASE NO. 1:20-cv- 060<br><br>JURY TRIAL DEMANDED |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Hess Corporation ("Hess"), by its undersigned attorney and signed pursuant to Federal Rule of Civil Procedure 11, hereby files this Notice of Removal of an action brought by Plaintiff James M. McNamara in the Superior Court of the Virgin Islands, Division of St. Croix, Civil No. SX-20-CV-593, to the District Court of the Virgin Islands, Division of St. Croix, and expressly reserves all questions and defenses other than that of removal. In support thereof, Defendant Hess respectfully states as follows:

### BACKGROUND AND CITIZENSHIP OF PARTIES

On or about June 16, 2020, Plaintiff filed a Complaint in the Superior Court of the Virgin Islands, Division of St. Croix, captioned *James M. McNamara v. Hess, et al.; Civil No. SX-20-CV-593* (hereinafter the "Superior Court Action"). Upon information and belief, Plaintiff is a citizen of the United States Virgin Islands.

Upon information and belief, no individual Defendant is headquartered or has a principal place of business in the United States Virgin Islands.

Hess received the Summons and Complaint on or about August 11, 2020. In compliance with 28 U.S.C. § 1446(a), attached hereto are Exhibits A (Summons) and B (Complaint). The

Summons and Complaint constitute all process, pleadings, and orders served upon Hess in the Superior Court Action.

## GROUNDS FOR REMOVAL

**This Court Has Original Jurisdiction Based Upon Complete Diversity And The Amount In Controversy Exceeding $75,000.**

"Federal district courts have original jurisdiction over civil actions between citizens of different states, provided the amount in controversy is greater than $75,000." *Chapin v. Whitecap Inv. Corp.*, No. 2013-42, 2014 U.S. Dist. LEXIS 21214, *4 (D.V.I. Feb. 20, 2014) (citing 28 U.S.C. § 1332(a)).

Complete diversity exists among the parties. According to Plaintiff's Complaint, Plaintiff is a citizen and resident of St. Croix, United States Virgin Islands. (Cmplt. ¶ 1.) Defendant Hess Corporation is a Delaware corporation whose principal place of business is in the State of New York. (Cmplt. ¶ 2.) On May 22, 2020, prior to the filing of the Complaint, named Defendant Hess Oil Virgin Islands Corp. was merged with and into Hess Oil New York Corp. ("HONYC"). (See Certificate of Authenticity (Merger), attached hereto as Exhibit C.) HONYC is a New York corporation with its principal place of business in New York. (See Certificate of incorporation attached hereto as Exhibit D.) Thus, the Defendants satisfy 28 U.S.C. § 1332(a)'s diversity of citizenship requirement.

The amount in controversy exceeds $75,000. Here, Plaintiff has alleged to have contracted lung disease as a result of exposure to toxic substances for which Plaintiff is seeking compensatory and punitive damages. (See "Factual Allegations re: the Plaintiff", Cmplt. at ¶¶ 6-16.) Without conceding liability or the merits of Plaintiff's claims, based on these allegations, the amount in controversy certainly exceeds $75,000. Thus, Hess has met its burden to demonstrate a plausible

allegation that the amount in controversy exceeds the jurisdictional threshold in 28 U.S.C. § 1332(a). *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

Furthermore, the other procedural requirements outlined in 28 U.S.C. § 1446 are met. The Notice of Removal is timely filed under 28 U.S.C. § 1446(b) in that it is filed within 30 days of Hess's receipt of the initial pleadings purporting to set forth the claim for relief on which this action is based. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is simultaneously being given to Plaintiff, and a copy of the Notice of Removal will be promptly filed with the Clerk of the Superior Court of the Virgin Islands, Division of St. Croix.

Hess respectfully reserves all defenses, including but not limited to all defenses specified in Rule 12(b) of the Federal Rules of Civil Procedure.

## CONCLUSION

Complete diversity exists among the parties to the above-captioned case, and the amount in controversy exceeds $75,000. Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Hess properly file its Notice of Removal, removing their case from the Superior Court of the Virgin Islands to the District Court of the Virgin Islands, Division of St. Croix.

WHEREFORE, Defendant Hess hereby removes this action from the Superior Court of the Virgin Islands, Division of St. Croix to this Court, and reserves all defenses.

Respectfully submitted,

**Beckstedt & Kuczynski LLP**
*Attorneys for Defendant Hess*
2162 Church Street
Christiansted, VI 00820
Tel: (340) 719-8086 / Fax: (800) 886-6831

DATED: August 27, 2020          By:     s/ Carl A. Beckstedt III
                                        Carl A. Beckstedt III, Esq.
                                        VI Bar No. 684
                                        carl@beckstedtlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this August 27, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send a notification of such file (NEF) to the following:

**The Pate Law Firm**
*Attorneys for Plaintiff*
J. Russell B. Pate, Esq.
pate@sunlawvi.com
sunlawvi@gmail.com
PO Box 890
St. Thomas, VI 00804

**Burns Charest LLP**
*Attorneys for Plaintiff*
Korey Nelson, Esq.
knelson@burnscharest.com
H. Rick Yelton, Esq.
ryelton@burnscharest.com
mhenry@burnscharest.com
365 Canal Street, Ste. 1170
New Orleans, LA 70130

**Burns Charest LLP**
*Attorneys for Plaintiff*
Warren T. Burns, Esq.
wburnes@burnscharest.com
Daniel H. Charest, Esq.
dcharest@burnscharest.com
jsoyka@burnscharest.com
900 Jackson Street, Ste. 500
Dallas, TX 75202

                                                  s/ Carl A. Beckstedt III