## DISTRICT COURT OF THE U.S. VIRGIN ISLANDS
## ST. CROIX DIVISION

| | |
|---|---|
| **James M. McNamara,**  *Plaintiff,*  v.  **Hess Corp. & Hess Oil New York Corp.,**  *Defendants.* | Civil Action No. 1:20-cv-00060  Jury Trial Demanded |

### PLAINTIFF'S MOTION TO COMPEL DEFENDANT HESS OIL NEW YORK CORPORATION (HONYC) TO PRODUCE TIMOTHY B. GOODELL AND JOHN P. RIELLY FOR DEPOSITION

Plaintiff James M. McNamara hereby moves for an order compelling defendant Hess Oil New York Corporation ("HONYC") to produce their employees Timothy B. Goodell and John P. Rielly for deposition.[1] Both Mr. Goodell and Mr. Rielly have unique personal knowledge of a material and disputed question of fact – *why HOVIC merged with and into HONYC.* Resolution of this question will go to the heart of whether this Court enjoys subject matter jurisdiction.

**A. Background**

In 1965, Hess Oil Virgin Islands Corporation ("HOVIC") was incorporated in the U.S. Virgin Islands. For its entire life, HOVIC was a wholly owned subsidiary of defendant Hess Corporation ("Hess). From 1965 until 1998, HOVIC owned and operated the oil refinery on St. Croix. From 1998 to 2012, the refinery was operated by HOVENSA, in which HOVIC was a partner. Between 2012 and 2019, HOVIC's operations waned significantly, and in 2019, Hess did not bother to include HOVIC as a subsidiary in its SEC filings because HOVIC was associated with discontinued activities

---

[1] The depositions are tentatively noticed for September 15, 2021, and HONYC objects to the propriety of both. Plaintiff's Rule 37.1 formal correspondence preceding this motion is attached as <u>Exhibit A</u>.

*McNamara v. Hess Corp., et al.*
Plaintiff's Motion to Compel HONYC re: Depositions

and divested assets.

On May 18, 2020, Hess incorporated a wholly-owned new subsidiary – HONYC – in New York. HONYC had the same roster of officers and directors as HOVIC.

The very next day – on May 19, 2020 – HONYC and HOVIC merged, leaving HONYC as the surviving entity, and making HONYC the successor-in-interest to HOVIC's liabilities.

When this action was filed, Plaintiff named Hess and HOVIC as defendants. Plaintiff was unaware of the merger of HOVIC with and into HONYC. Hess removed this action, alleging diversity subject matter jurisdiction. Doc. 1. Removal only became possible because of the merger of HOVIC with and into HONYC. Had the merger not occurred, this Court would lack subject matter jurisdiction because there would be an absence of complete diversity.

Plaintiff alleges that HONYC is collusively joined in violation of 28 U.S.C. § 1359 because it was created and merged with HOVIC for the purpose of manufacturing federal jurisdiction. On May 27, 2021, Plaintiff moved to remand this action. Doc. 27. At the request of Defendants, Plaintiff withdrew his motion pending the completion of jurisdictional discovery, with the intent on re-moving at the appropriate juncture. Doc. 42.

On April 15, 2021, Plaintiff propounded written jurisdictional discovery on HONYC, including requests for production. Contemporaneous with that discovery, Plaintiff asked for available dates for the deposition of HONYC's president or equivalent.

On July 30, 2021, HONYC produced 115 pages of documents in response to Plaintiff's request for production. The documents revealed the following:

1.      On May 19, 2020, HONYC Directors Timothy B. Goodell and John P. Reilly executed a document entitled Consent in Lieu of Meeting of Board of Directors (hereinafter "HONYC Consent in Lieu"). Exhibit B, HONYC 00018 – 21. The HONYC Consent in Lieu authorized HONYC to enter into the attached "Merger Agreement" with HOVIC. *Id.* at 00018. The HONYC Consent in

Lieu recites that "the Merger is intended to effect the change of HOVIC's state of incorporation from the United States Virgin Islands to the State of New York." *Id.*

2.  Also on May 19, 2020, HOVIC Board of Directors Timothy B. Goodell and John P. Reilly executed a document entitled Consent in Lieu of Meeting of Board of Directors (hereinafter "HOVIC Consent in Lieu"). *Id.* at 00032 – 35. The HOVIC Consent in Lieu recites that the proposed merger would change (or HOVIC's "state of incorporation from the United States Virgin Islands to the State of New York . . . ." *Id.* at 00032. (The merger is alternately referred to as "Reincorporation".) The HOVIC Consent in Lieu further recites that "the Reincorporation **is expected to provide various operating and administrative efficiencies** to the Corporation and its sole stockholder in light of certain factors . . . ." *Id.* (emphasis added). Those efficiencies are not detailed.

3.  An identical copy of the Merger Agreement (also dated May 19, 2020) is attached to both the HONYC Consent in Lieu and HOVIC Consent in Lieu. *Id.* at 00023 & 24. Mr. Goodell and Mr. Rielly both signed the Merger Agreement on behalf of HOVIC (in their capacity as directors), and Mr. Goodell signed on behalf of HONYC. (in his capacity as HONYC's President). *Id.* at 00028.

4.  Hess, as the sole stockholder of HONYC, consented to the Merger Agreement, with Mr. Goodell executing the consent in his capacity as Senior Vice President and General Counsel. *Id.* at 000046 – 47. Hess also gave its consent to the Merger Agreement as the sole stockholder of HOVIC, again under Mr. Goodell's signature. *Id.* at 000068 – 70.

  B. Legal Standards

  1. **Collusive Joinder**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[W]hen [an] inquiry involves the jurisdiction of a federal court,—the presumption in every stage of a cause being that it is without the jurisdiction of a court of the United States, unless the contrary appears from the record . . . ." *Lehigh Min. & Mfg. Co. v. Kelly*, 160 U.S. 327,

337 (1895). A party who invokes federal jurisdiction "carr[ies] . . . the burden of showing that he is properly in court." *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." 28 U.S.C. § 1359. "Whether in an individual case diversity jurisdiction is 'manufactured' is, of course, a question of fact." *McSparran v. Weist*, 402 F.2d 867, 876 (3d Cir. 1968). "Since 1875, when the predecessor to 28 U.S.C. § 1359 was first enacted, when a question of federal jurisdiction is raised either by a party . . . or by the court on its own motion, the court may inquire, by affidavits or otherwise, into the facts as they exist." *Tanzymore v. Bethlehem Steel Corp.*, 457 F.2d 1320, 1323 (3d Cir. 1972).

Mergers may be improper or collusive – just like any other business arrangement to concoct diversity. *See, e.g., Toste Farm Corp. v. Hadbury, Inc.*, 70 F.3d 640, 645 (1st Cir. 1995) ("We see no reason for a different outcome merely because the merger route was used to accomplish essentially the same result."); *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 917–18 (8th Cir. 2015) ("Similar to *Toste Farm* the record in this case reveals that Missouri and Florida Branson Labels merged primarily to invoke diversity jurisdiction as proscribed by § 1359.").

The First, Second, Eighth, and Ninth Circuits apply a presumption of collusiveness when evaluating assignments between related companies.[2] The Third Circuit has not weighed in on the

---

[2] **First Circuit:** *McCulloch v. Velez*, 364 F.3d 1, 6 (1st Cir. 2004) (extensive internal citations omitted) ("Transfers or assignments that have the effect of creating federal jurisdiction raise a red flag and, thus, need to be examined with care. Assignments between related parties (e.g., an assignment between a parent company and a subsidiary or an assignment between a corporation and one of its officers or directors) are subject to even more exacting scrutiny. Because such assignments are highly suspect, they are presumptively ineffective to create diversity jurisdiction."));

**Second Circuit:** *Prudential Oil Corp. v. Phillips Petroleum Co.*, 546 F.2d 469, 475 (2d Cir. 1976) ("The scrutiny normally applied to transfers or assignments of claims which have the effect of creating

whether such a presumption is appropriate.

Because collusive joinder is a fact-intensive inquiry, many courts have articulated a list of non-exclusive factors for consideration. For example, consider the standards in the Eighth Circuit, Ninth Circuit, and Tenth Circuit.[3]

---

diversity must be doubled in the case of assignments between related or affiliated corporations since common ownership or the control by one of the other only serves to increase the possibility of collusion and compound the difficulty encountered in detecting the real purpose of the assignment. . . ."); *see also Airlines Reporting Corp. v. S & N Travel, Inc.*, 58 F.3d 857, 863 (2d Cir. 1995), and *Drexel Burnham Lambert Group v. Galadari,* 777 F.2d 877, 881 (2d Cir. 1985);

**Eighth Circuit:** *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 919 (8th Cir. 2015) ("Considering the presumption of collusion, as well as the other circumstances that swing in favor of finding collusion, the district court did not err in finding that the advice of Elfant's tax advisors was a pretextual business purpose to mask the real intention of manufacturing diversity jurisdiction."); *see also E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015) (authoritatively citing *McCulloch v. Velez,* 364 F.3d 1, 6 (1st Cir. 2004));

**Ninth Circuit:** *Yokeno v. Mafnas*, 973 F.2d 803, 809–10 (9th Cir. 1992) ("Certain kinds of diversity-creating assignments warrant particularly close scrutiny. Assignments between parent companies and subsidiaries, and assignments by corporations to their officers or directors 'are presumptively ineffective to create diversity jurisdiction.'. To overcome this presumption, the party asserting diversity must show a legitimate business reason for the transfer. Simply articulating a business reason is insufficient; the burden of proof is with the party asserting diversity to establish that the reason is legitimate and not pretextual.") (quoting *Dweck v. Japan CBM Corp.,* 877 F.2d 790, 792 (9th Cir. 1989) and *Simpson v. Alaska State Comm'n for Human Rights,* 608 F.2d 1171, 1174 (9th Cir. 1979); *see also Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991–92 (9th Cir. 1994).

[3] **Eighth Circuit:**  *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 916–17 (8th Cir. 2015) (footnote omitted) ("Thus, district courts should consider factors such as the following when determining whether an assignment of a legal claim is precluded from invoking diversity jurisdiction under § 1359: (1) whether the assignee had any previous connection to the assigned claim; (2) whether the assignee has any assets other than the assigned claim and has any business functions other than pursuing the litigation; (3) whether there was meaningful or merely nominal consideration for the assignment; (4) whether the timing of the assignment suggests it was primarily executed to secure federal diversity jurisdiction; (5) whether the assignor retains any control or influence over the conduct of the litigation or the assignee's attorney; (6) whether the assignor retains any interest in the outcome of the litigation; (7) whether the assignment was motivated, at least in part, by a desire to create diversity jurisdiction; and (8) the extent the party asserting diversity jurisdiction can rebut any claim of collusion by asserting a legitimate business purpose for the assignment.");

**Ninth Circuit:** *Yokeno v. Mafnas*, 973 F.2d 803, 810 (9th Cir. 1992) ("Because of the heightened scrutiny called for in evaluating assignments by business organizations to subsidiaries or officers, the proffered business reason for the assignment must be evaluated in light of the totality of

### 2. Procedure

"[A] party may move for an order compelling . . . discovery." Fed. R. Civ. P. 37(a)(1). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

### C. The noticed depositions of **Mr. Goodell and Mr. Rielly** are highly relevant and proportionate to the needs of this case.

Subject matter jurisdiction is an *a priori* issue. If HONYC was collusively joined in violation of 28 U.S.C. § 1359, then this Court lacks jurisdiction, and remand should be ordered. In that vein, it is important that reasonable discovery into Plaintiff's allegation of collusive joinder be permitted to proceed apace. That includes permitting Plaintiff to depose percipient fact witnesses like Mr. Goodell and Mr. Rielly.

Plaintiff expects that Mr. Goodell and Mr. Rielly have relevant testimony on two key questions: (1) whether the merger of HOVIC with and into HONYC was motivated (at least in part) to create diversity jurisdiction; and (2) whether there was a legitimate business reason for the merger. *See* footnote 3, *supra*.

---

circumstances. Relevant in this inquiry are factors such as the timing of the assignment, the purpose and underlying motivation for the assignment, and the assignee's preexisting interest in the claim.");

**Tenth Circuit:** *Nat'l Fitness Holdings, Inc. v. Grand View Corp. Ctr., LLC*, 749 F.3d 1202, 1205–06 (10th Cir. 2014) (emphasis removed, citations omitted, and bulleting deleted) ("When considering whether a particular assignment was improperly made to manufacture diversity jurisdiction, a district court should consider the totality of the circumstances. Some of those circumstances include the following: Did the assignee lack a prior connection with the matter? Did the assignor select the assignee's attorney and pay the assignee's litigation expenses? Did the assignor retain control of the litigation? Did the assignee agree to pay the assignor a portion of any recovery? Did the assignee provide meaningful consideration for the assignment? Is the assignment's timing suspicious? Was the assignment motivated by a desire to create diversity jurisdiction?").

*McNamara v. Hess Corp., et al.*
Plaintiff's Motion to Compel HONYC re: Depositions

Mr. Goodell and Mr. Rielly both have personal factual knowledge of the. Mr. Goodell affixed his signature to the merger paperwork **ten** different times. Mr. Rielly affixed his signature **four** different times. *See* Exhibit C (a FRE 1006 summary of their respective signatures).

Moreover, Mr. Goodell and Mr. Rielly's involvement in the merger is unique. As noted above, they signed the HOVIC Consent in Lieu of Meeting of Board of Directors on May 19, 2020. In that document, they averred that "the Reincorporation [was] expected to provide **various operating and administrative efficiencies** to the Corporation and its sole stockholder in light of certain factors . . . ." Exhibit B, HONYC 00032 (emphasis added). Of the 115 pages of documents produced by HONYC, this lone document is the only contemporaneous written explanation for the merger that HONYC has produced.

Neither Plaintiff nor the Court is obliged to take HONYC's "efficiencies" rationale at face value. As courts have consistently explained, it is important to ferret out pretextual "make-weights" in the collusive joinder analysis. *See Toste Farm Corp.*, 70 F.3d at 645 (rejecting plaintiff's business rationale for merger of a Rhode Island corporation into a New York corporation); *see also Branson Label, Inc.*, 793 F.3d at 919 ("find[ing] no error in the district court's dismissal of this tax advice as a 'make-weight'"). It is imperative that Plaintiff be given the opportunity to depose Mr. Goodell and Mr. Rielly about why the pre-merger status quo was *inefficient* or what *efficiencies* of merger they expected.

Plaintiff understands that HONYC is separately moving for a protective order. It is anticipated that HONYC will argue that the depositions are unduly burdensome and disproportionate to the needs of this case. As a matter of judicial economy, Plaintiff will respond those issues in opposition to HONYC's motion rather than preempting them here.

*****

WHEREFORE, Plaintiff prays that his motion be granted, and that HONYC be compelled to produce Mr. Goodell and Mr. Rielly for their depositions as noticed by Plaintiff.

*McNamara v. Hess Corp., et al.*
Plaintiff's Motion to Compel HONYC re: Depositions

Dated: September 3, 2021               Respectfully Submitted,

/s/ C. Jacob Gower, Esq.
Korey A. Nelson, Esq.
C. Jacob Gower, Esq.
BURNS CHAREST LLP
365 Canal Street, Suite 1170
New Orleans, LA 70130
Telephone: (504) 799-2845
Facsimile: (504) 881-1765
knelson@burnscharest.com
jgower@burnscharest.com

Warren T. Burns, Esq.
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
Phone: (469) 904-4550
Facsimile: (469) 444-5002
wburns@burnscharest.com

J. Russell B. Pate, Esq.
THE PATE LAW FIRM
P.O. Box 370,
Christiansted, USVI 00821
Telephone: (340) 777-7283
Cellular: (340) 690-7283
Facsimile: (888) 889-1132
pate@sunlawvi.com
SunLawVI@gmail.com

**Counsel to Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September, 2021, a copy of the foregoing was served via email on all counsel of record via CM/ECF.

/s/ C. Jacob Gower, Esq.
C. Jacob Gower, Esq.