DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| JAMES M. MCNAMARA,<br>     Plaintiff,<br>v.<br>HESS CORPORATION, et al.,<br>     Defendants. | CASE NO. 1:20-cv-060<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' FIRST AMENDED[1] MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL HESS OIL NEW YORK CORP. (HONYC) TO PRODUCE TIMOTHY B. GOODELL AND JOHN P. RIELLY FOR DEPOSITION**

COME NOW Defendants Hess Corporation ("Hess") and Hess Oil Virgin Islands Corp., now merged with and into Hess Oil New York Corp. ("HONYC"), to respond in opposition to Plaintiff's Motion to Compel Hess Oil New York Corporation [*sic*] (HONYC) to Produce Timothy B. Goodell and John P. Rielly for Deposition (Docket No. 62) and supporting Memorandum of Law (Docket. Nos. 63 through 63-3).

**INTRODUCTION**

Plaintiff's motion to compel depends on two separate arguments about jurisdiction and discovery. Both of these arguments are foreclosed by the law and facts of this case. First, Plaintiff argues that the Court must resolve whether the merger of Hess Oil Virgin Islands Corp. ("HOVIC") with and into Hess Oil New York Corp. ("HONYC") "was motivated (at least in part) to create diversity jurisdiction." Dkt. #63 (Pl.'s Mem. in Supp. of Mot. to Compel) at 6. But the Third

---

[1] This Memorandum of Law in Opposition is amended only to correct the citations to prior briefing. All parties refiled their moving papers to conform to the Local Rules. The original Opposition (Docket No. 67) was prepared using the original moving papers and the citations contained therein reflected those docket numbers. Insofar as the original moving papers have been either withdrawn (Docket No. 64) amended (Docket Nos. 59, 66), the citations are required to be updated to reflect the current, operative filings (which is the purpose of this amended filing).

Circuit has long recognized that "parties can enter into a transaction to create diversity, so long as the transaction is legitimate." *Land Holdings (St. Thomas) Ltd. v. Mega Holdings, Inc.*, 283 F.3d 616, 619 (3d Cir. 2002). Indeed, Defendants have expressly acknowledged that one benefit of the merger between HOVIC and HONYC was establishing a basis for diversity jurisdiction in the appropriate case. *See* Dkt. #56 (Defs.' Mem. in Supp. of Mot. for Protective Order) at 9. Under Third Circuit precedent, any inquiry into the motivation (or "partial" motivation), of Defendants is both unnecessary and irrelevant.

Second, Plaintiff argues that it is nevertheless necessary to take depositions of two senior executives of Hess Corporation ("Hess") about "whether there was a legitimate business reason for the merger." Dkt. #63 (Pl.'s Mem. in Supp. of Mot. to Compel) at 6. But the record in this case, including answers to interrogatories, responses to requests for admission, and the declaration submitted with Defendants' motion for protective order, all demonstrate that the merger was a legitimate transaction that generated operating and administrative efficiencies for Hess. *See* Dkt. #56 (Defs.' Mem. in Supp. of Mot. for Protective Order) at 9. If there were any basis at all for challenging these facts—and there is none—then Plaintiff should have accepted Defendants' offer to produce a Rule 30(b)(6) deponent, instead of seeking "apex" depositions of two senior executives of Hess, or deposing the six other witnesses Plaintiff has requested. Because the discovery sought by Plaintiff is neither relevant nor proportionate to the needs of this case, Defendants respectfully ask the Court to deny Plaintiff's motion to compel.[2]

---

[2] Plaintiff moved to compel the depositions of Mr. Goodell and Mr. Rielly, while Defendants moved for a protective order precluding the depositions of Jacqueline Asafu-Adjaye, Eric Fishman, Robert Franzino, Seth Menell, Barry Schachter, and Amy Stapleton, in addition to Mr. Goodell and Mr. Rielly. *Compare* Dkt. #62 (PL's Mot. to Compel) *with* Dkt. #59 (Defs.' First Amd. Mot. for Protective Order). This Memorandum of Law addresses Plaintiff's motion. Defendants reserve their rights to contest further discovery, should Plaintiff seek to depose additional witnesses.

**ARGUMENT**

I.   **THE DISCOVERY PLAINTIFF SEEKS IS IRRELEVANT.**

The Court should deny Plaintiff's motion because the discovery sought is not relevant to the claims or defenses in this case. *See* Fed. R. Civ. P. 26(b)(1). Contrary to Plaintiff's argument, there is no need for the Court to ascertain "why HOVIC merged with and into HONYC." *See* Dkt. #63 (Pl.'s Mem. in Supp. of Mot. to Compel) at 1 (emphasis omitted). Under Third Circuit case law, it would be entirely proper for these parties to enter into a transaction with the objective of creating diversity jurisdiction, "so long as the transaction is legitimate." *Land Holdings*, 283 F.3d at 619. Although Plaintiff's motion purports to rely upon cases from various other courts of appeals, *see* Dkt. #63 (Pl.'s Mem. in Supp. of Mot. to Compel) at 4–5 & n.2, this leading Third Circuit decision (on appeal from the District Court of the Virgin Islands) is conspicuously absent from Plaintiff's brief. Unlike these other federal circuits, the Third Circuit has not endorsed the subjective, multi-factor test that Plaintiff urges this Court to apply. Instead, in the Third Circuit, so long as the transaction is "legitimate," the motivation is not relevant.

The Third Circuit's approach makes eminent sense on the facts of this case. Plaintiff appears to contend that Defendants may not shut down a dormant corporation in this jurisdiction simply because it might be a defendant in future litigation. Plaintiff concedes in its motion that "[b]etween 2012 and 2019, HOVIC's operations waned significantly, and in 2019, Hess did not bother to include HOVIC as a subsidiary in its SEC filings because HOVIC was associated with discontinued activities and divested assets." *Id.* at 1–2. As Defendants have shown, "[o]ver the past two years, Hess has been pursuing, and continues to pursue, a strategy of simplifying its legal entity structure." Dkt. #56 (Defs.' Mem. in Supp. of Mot. for Protective Order) at 9. Most relevant here, "[t]his ongoing simplification process involved the merger of HOVIC with and into

3

HONYC." *Id.* The merger brought about various operating and administrative efficiencies, including the elimination of certain tax and corporate-filing requirements in the United States Virgin Islands. *See id.* It had the additional benefit of establishing a basis for diversity jurisdiction in lawsuits brought by residents of the United States Virgin Islands where there are no properly-joined, non-diverse defendants. *See id.* But this potential benefit from changing the residency of a defunct corporation does not mean there were "parties collusively joined or made" for purposes of 28 U.S.C. §1359.

That is why Defendants readily acknowledge that one of the benefits of the merger was that "HONYC may now defend against alleged liabilities of HOVIC, which may include removing to federal court litigation matters that satisfy the requirements for diversity jurisdiction." Dkt. #56 (Defs.' Mem. in Supp. of Mot. for Protective Order) at 9. Plaintiff does not need any discovery— much less the depositions of two senior executives at Hess—to establish that fact. Defendants have already admitted it. *See* Dkt. #56-1 (Ex. 1 to Defs.' Mem. in Supp. of Mot. for Protective Order) at 20–21 (recognizing "that the formation of HONYC and merger of HOVIC with and into HONYC allowed HONYC to appear and defend . . . any future litigation and to remove any future actions to United States District Court . . . on the basis of diversity jurisdiction"). For purposes of § 1359, the transaction did not become any less "legitimate" simply because, months after the merger took place, Plaintiff's new lawsuit was subject to removal jurisdiction.

It bears emphasis that the merger of HOVIC and HONYC would not qualify as "collusively joined or made" under any of the cases cited by Plaintiff. This is not a case, as in *Branson Label, Inc. v. City of Branson, Mo.*, where a plaintiff "effectively transferr[ed] the [assignor's] legal claim of owning the disputed land" in order to avoid unfavorable decisions in state courts. *See* 793 F.3d 910, 913–14 (8th Cir. 2015). Indeed, the cases relied upon by Plaintiff overwhelmingly involve

4

plaintiffs (not defendants) who assign interests in litigation for the purpose of circumventing unfavorable state-court rulings. *See, e.g.*, *Nat'l Fitness Holdings, Inc. v. Grand View Corp. Ctr., LLC*, 749 F.3d 1202, 1204 (10th Cir. 2014) ("[L]ess than three months after receiving the district court's adverse ruling on diversity jurisdiction—Stephenson created National Fitness Holdings, Inc., a Wyoming corporation."). That is undeniably not the case here, where Plaintiff admits that he brought his lawsuit weeks after the merger went forward, though he "was unaware of the merger of HOVIC with and into HONYC." Dkt. #63 (Pl.'s Mem. in Supp. of Mot. to Compel) at 2. The merger of HOVIC and HONYC was supported by historical facts—including the absence of employees or real property in the Virgin Islands at the time of the merger, *see* Dkt. #56 (Def's. Mem. in Supp. of Mot. for Protective Order) at 9—and current business justifications—including the ongoing simplification of Hess's corporate structure, *see id.* It resulted in the "final and unconditional" change in citizenship for the ownership of HOVIC. *See Nobel v. Morchesky*, 697 F.2d 97, 101 (3d Cir. 1982). Indeed, under Plaintiff's analysis, it is unclear when, *if ever*, HOVIC—which has been the subject of ongoing litigation for decades—could change citizenship via merger. On the record before the Court, based on the significant discovery Plaintiff has already received, the merger of HOVIC and HONYC would withstand scrutiny even under the inapplicable standards cited by Plaintiff in support of the motion. Accordingly, the two apex depositions sought by Plaintiff are irrelevant and unnecessary.

**II.     THE DISCOVERY PLAINTIFF SEEKS IS UNDULY BURDENSOME.**

The Court should deny Plaintiff's motion for the independent reason that the depositions sought are "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff argues that the depositions are necessary to resolve two questions: (1) "whether the

5

merger of HOVIC with and into HONYC was motivated (at least in part) to create diversity jurisdiction;" and (2) "whether there was a legitimate business reason for the merger." Dkt. #63 (Pl.'s Mem. in Supp. of Mot. to Compel) at 6. Putting to one side the relevancy issues with these questions (as outlined above), Plaintiff cannot show that the depositions of the two senior Hess executives are at all targeted to resolving these two questions in a manner that is reasonable, efficient, or cost-effective for the parties.

As for the first question, Defendants have acknowledged that establishing the basis for diversity jurisdiction was one intended benefit of the merger. *See* Dkt. #56-1 (Ex. 1 to Defs.' Mem. in Supp. of Mot. for Protective Order) at 20–21. As explained above, *supra* at 3, this does not help Plaintiff's arguments for remand in the Third Circuit. It does, however, eliminate the need for further discovery on the issue. Indeed, Defendants have set forth in detail the legitimate business purposes that motivated the merger of HOVIC into HONYC. *See* Dkt. #56 (Defs.' Mem. in Supp. of Mot. for Protective Order) at 9. Plaintiff has not articulated what additional evidence could be expected on this topic from subjecting these two witnesses to a deposition.

As for the second question, the record establishes that "there was a legitimate business reason for the merger." Dkt. #63 (Pl.'s Mem. in Supp. of Mot. to Compel) at 6. Plaintiff complains that "[n]either Plaintiff nor the Court is obliged to take HONYC's 'efficiencies' rationale at face value." *Id.* at 7. But this argument ignores the detailed evidence setting forth the history, circumstances, and intended benefits that Defendants intended from the merger. Plaintiff claims, for example, that the HOVIC Consent in Lieu of Meeting of Board of Directors produced by Defendants refers to "various operating and administrative efficiencies," while "[t]hose efficiencies are not detailed." *Id.* at 3 (emphasis omitted). In fact, the Consent lays out the circumstances that supported the merger of HOVIC into HONYC:

> (1) the Corporation [HOVIC] no longer conducts business or operations in the United States Virgin Islands, (2) the Corporation has no employees or real property in the United States Virgin Islands, (3) all of the Corporation's officers and directors are located in New York and (4) all board meetings are held, and all corporate decisions are made, in New York.

Dkt. #63-2 (Ex. B to Pl.'s Mem. in Supp. of Mot. to Compel) at 9. Furthermore, the declaration of Mark Grinfeld submitted in support of Defendants' motion for protective order goes further in providing the business justifications and intended benefits of the merger. Dkt. #56-2 (Ex. 2 to Defs.' Mem. in Supp. of Mot. for Protective Order) ¶¶ 3–5. The evidence before the Court answers all of the questions that Plaintiff purports to raise about the legitimacy of the merger. Therefore, the depositions that Plaintiff seeks are unreasonably burdensome.

Even if Plaintiff were to argue that all of this evidence were pretextual—the contemporaneous merger documents, the answers to written discovery, and Mr. Grinfeld's detailed declaration—that still would not justify the depositions of Mr. Goodell and Mr. Rielly. It is not enough, as Plaintiff's contend, that these senior executives signed a merger document. *See* Dkt. # 63 (Pl.'s Mem. in Supp. of Mot. to Compel) at 7. Courts within the Third Circuit have rejected the argument that approving a corporate decision renders an executive subject to deposition. *See Ford Motor Co. v. Edgewood Props., Inc.*, 2011 WL 677331, at *4 (D.N.J. Feb. 15, 2011) (granting protective order because apex witnesses lacked "superior knowledge" with involvement limited to approving corporate transaction). Instead, Plaintiff's recourse should have been to accept Defendants' offer to produce a Rule 30(b)(6) witness for examination on the specific topics on which Plaintiff needs discovery. *See Ciarrocchi v. Unum Grp.*, 2009 WL 10676631, at *3–4 (D.N.J. Aug. 27, 2009) (granting protective order where Rule 30(b)(6) witness was available to testify).

7

In sum, Plaintiff is seeking discovery into irrelevant matters, where all of the evidence necessary for the Court to resolve the jurisdiction question is established in the record. Moreover, Plaintiff is asking the Court to order burdensome and unnecessary "apex" depositions even though more efficient, less burdensome, and more convenient discovery is readily accessible to Plaintiff. For these reasons, Defendants respectfully ask the Court to deny the motion to compel.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion to compel the depositions of Mr. Goodell and Mr. Rielly.

Respectfully submitted,

**Beckstedt & Kuczynski LLP**
*Attorney for Defendants Hess and HONYC*
2162 Church Street
Christiansted, VI  00820
Tel: (340) 719-8086 / Fax: (800) 886-6831

DATED: September 9, 2021     By:     s/ Carl A. Beckstedt III
Carl A. Beckstedt III, Esq.
VI Bar No. 684
carl@beckstedtlaw.com

**Wilson Elser Moskowitz**
**Edelman & Dicker LLP**
*Attorneys for Defendants Hess and HONYC*
200 Campus Drive
Florham Park, NJ 07932-0668
Tel: (973) 624-0800 / Fax: (973) 624-0808

DATED: September 9, 2021     By:     s/ Carolyn F. O'Connor
Carolyn F. O'Connor, Esq.
carolyn.oconnor@wilsonelser.com
VI Bar R2100

DATED: September 9, 2021     By:     s/ Joseph T. Hanlon
Joseph T. Hanlon, Esq.
joseph.hanlon@wilsonelser.com
VI Bar R2099