**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| JAMES MCNAMARA, | |
|               Plaintiff | 1:20-cv-00060-WAL-GWC |
| v. | |
| HESS CORPORATION, et al., | |
|               Defendants. | |

TO:    John-Russell Bart Pate
        Korey A. Nelson
        Warren T. Burns
        Charles Jacob Gower

        Carolyn F. O'Connor
        Joseph T. Hanlon
        Carl A. Beckstedt, III
        Robert J. Kuczynski

**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND GRANTING PLAINTIFF'S MOTION TO COMPEL**

THIS MATTER is before the Court upon Defendants' First Amended Motion for Protective Order (ECF No. 59).[1] Plaintiff filed a response in opposition to said motion. *See* ECF No. 71. Defendants filed their Reply on September 13, 2021. *See* ECF No. 75.

On September 7, 2021, Plaintiff filed a competing Motion to Compel (ECF No. 62). Defendant filed a response in opposition. *See* ECF No. 67. Plaintiff filed his Reply on September 13, 2021. *See* ECF No. 76. For the reasons stated herein, this Order denies in

---

[1] Defendants' Motion for Protective Order (ECF No. 55) is rendered moot by the Amended Motion.

*McNamara v. Hess Corporation et al.*
1:20-cv-00060-WAL-GWC
Order
Page 2

part and grants in part Defendants' Motion for Protective Order and grants Plaintiff's Motion to Compel.

## I. BACKGROUND

Defendants seek a protective order, pursuant to Fed. R. Civ. P. 26, to preclude Plaintiff from taking the depositions of Jacqueline Asafu-Adjaye, Eric Fishman, Robert Franzino, Timothy B. Goodell, Seth Menell, John P. Rielly, Barry Schacter, and Amy Stapleton.[2]

On August 20, 2021, Plaintiff noticed eight one-hour depositions of the above-listed witnesses as to their "personal knowledge of the HOVIC/HONYC merger, the reasons for such merger, and the documents which bear their name or signature." ECF No. 45. Plaintiff's inquiry into the legitimacy of Defendants' merger goes to the issue of whether HONYC was collusively joined to manufacture diversity jurisdiction. ECF No. 71 at 5.

First, Defendants argue that the discovery sought is irrelevant because Defendants conclude that "jurisdiction is proper in this Court, rendering any further discovery into the issue irrelevant and unreasonable." ECF No. 56 at 6. Second, Defendants argue that Plaintiff's requested discovery will unduly burden Mr. Goodell and Mr. Reilly as they are "apex witnesses." *Id.* at 11-12. Third and finally, Defendants argue that Plaintiff cannot

---

[2] Only Timothy B. Goodell and John P. Rielly are the subject of Plaintiff's Motion to Compel (ECF No. 62). Considering that Plaintiff's Motion to Compel does not name the remaining six witnesses, and the informal Rule 37.1 teleconference held August 24, 2021, the Court assumes an agreement has been reached between the parties regarding the remaining six witnesses named in Defendants' Motion for Protective Order. Thus, this Order will grant Defendants' Motion for Protective Order as to the remaining six witnesses.

*McNamara v. Hess Corporation et al.*
1:20-cv-00060-WAL-GWC
Order
Page 3

meet the heightened standard required to depose in-house counsel Mr. Goodell. *Id*. at 14-15.

First, Plaintiff asserts that the discovery request is relevant because Plaintiff disagrees that jurisdiction is proper. ECF No. 71 at 4. Second, Plaintiff argues that the Apex Witness Doctrine should be rejected because "the Third Circuit has not endorsed the Apex Witness Doctrine," thus it "cannot displace Third Circuit law on the burden of proof and necessity of specificity." *Id*. at 8. Third and finally, Plaintiff argues that a heightened standard is not required to depose Mr. Goodell because he was not counsel to the relevant transactions, nor was he counsel in the instant action. *Id*. at 12.

## II. APPLICABLE LEGAL PRINCIPLES

"Courts have significant discretion when resolving discovery disputes." *Reif v. CNA*, 248 F.R.D. 448, 451 (E.D. Pa. 2008) (citing *Gallas v. Supreme Court of Pa*., 211 F.3d 760, 778 (3d Cir. 2000) (stating a trial court's discovery ruling will only be disturbed if "the court's action made it impossible to obtain crucial evidence, and implicit in such a showing is proof that more diligent discovery was impossible")). "It is rare for a court to issue a protective order that prohibits a deposition." *U.S. v. Mariani*, 178 F.R.D. 447, 449 (M.D. Pa. 1998) (citations omitted). The party moving to quash the subpoena has a heavy burden of persuasion. *Id*. Overall, a court "must balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would

result from the deposition." *Adelphia Recovery Trust v. Bank of America, N.A.*, 2009 U.S. Dist. LEXIS 53072, at *1 (M.D. Pa. Jun. 23, 2009) (citations omitted).

1. **Relevance and Undue Burden**

Defendants request a protective order under Federal Rules of Civil Procedure Rule 26(c) "to prevent undue burden and expense to Defendants and the individuals noticed with no relevant knowledge about any matters in dispute." Mot. at 1. Rule 26(c) grants courts the discretion to issue protective orders "for good cause shown." The court may, for good cause, issue

> an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery . . . .

Fed. R. Civ. P. 26(c).

Such an order is appropriate only where there has been a showing of a particularized need for protection. *Pansy v. Borough of Stroudsburg*, 23 F. 3d 772, 788 (3d Cir. 1994). Under Rule 26(c), the party moving for a protective order must show "good cause." "'Good cause' is established when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury. . . . *Glenmede Tr. Co. v. Thompson*, 56 F. 3d 476, 483 (3d Cir. 1995) (citing *Pansy,* 23 F. 3d at 786). Although the showing of an injury

*McNamara v. Hess Corporation et al.*
1:20-cv-00060-WAL-GWC
Order
Page 5

arguably is not an overly onerous standard to meet,[3] the "injury must be shown with specificity." *Publicker Indus., Inc. v. Cohen*, 733 F. 2d 1059, 1071 (3d Cir. 1984) (citations omitted). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing." *Pansy*, 23 F. 3d at 786 (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).

Defendants additionally submit their motion under Federal Rules of Civil Procedure Rule 26(b), which directs the courts

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . .

Fed. R. Civ. P. 26(b)(2)(C)(i).

Information is discoverable if it is relevant to the issues in the case or if it is "reasonably calculated to lead to discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit . . .

Fed. R. Civ. P. 26(b)(1).

---

[3] As the Third Circuit has stated, "The injury shown . . . need be no more than 'embarrassment' . . . ." *Pearson v. Miller*, 211 F.3d 57, 73 (3d Cir. 2000).

*McNamara v. Hess Corporation et al.*
1:20-cv-00060-WAL-GWC
Order
Page 6

### 2. Apex Witness Doctrine

The Third Circuit has not yet set forth an analytical framework on when use of the apex doctrine is appropriate.[4] *In re Tylenol (Acetaminophen) Mktg., Sales Practices & Prods. Liab. Litig.*, 2014 U.S. Dist. LEXIS 89981, n.8 (E.D. Pa. 2014) (citations omitted). The apex doctrine applies when those at the top of the company don't have personal knowledge about what is going on with the product, or its marketing, or its financing or really anything else that might be of interest to the plaintiffs, or the attorneys, or the jury, or the court. *Id*. at *8.

Third Circuit courts consider two factors when deciding if the deposition of a high-ranking corporate officer or executive is appropriate: 1) whether the executive has personal, superior, or unique knowledge on the relevant subject; and 2) whether the information can be obtained in a less burdensome way, such as through lower-level employees or other discovery methods. *Id*. (citing *Ford Motor Co. v. Edgewood Properties*, Inc., 2011 U.S. Dist. LEXIS 15776, at *2 (D.N.J. Feb. 15, 2011); *Reif v. CNA*, 248 F.R.D. 448, 451 (E.D. Pa. 2008).

### 3. Heightened Standard to Depose Counsel

There is no general prohibition against obtaining the deposition of adverse counsel regarding relevant, non-privileged information. *Johnston Dev. Group, Inc. v. Carpenters Local*

---

[4] Other Circuits have determined that "[i]f the prospective witness has personal knowledge of relevant events, his or her 'apex' status will not preclude the deposition." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *Scott v. Chipotle Mexican Grill, Inc.*, 306 F.R.D. 120, 125 (S.D.N.Y. 2015).

*McNamara v. Hess Corporation et al.*
1:20-cv-00060-WAL-GWC
Order
Page 7

*Union No. 1578*, 130 F.R.D. 348, 352 (D.N.J. 1990). A party can succeed in precluding attorney deposition discovery under Rule 26(c) "if it establishes an undue burden or oppression measured by (1) the relative quality of information in the attorney's knowledge, that is, whether the deposition would be disproportional to the discovering party's needs; (2) the availability of the information from other sources that are less intrusive into the adversarial process; and (3) the harm to the party's representational rights of its attorney if called upon to give deposition testimony." *Younes v. 7-Eleven, Inc.*, 2015 WL 12843884 at *9 (D.N.J. Mar. 11, 2015) (citing *Johnston*). Caution is particularly warranted where the subject matter would be "heavily intertwined with privileged or confidential information," but it may be entirely appropriate where the attorney may be a fact witness. *Fleming Steel Co. v. Jacobs Eng'g Grp., Inc.*, 2017 WL 6539309 at *6-7. When opposing counsel is a "fact witness," he or she may be deposed concerning unprivileged information. *Jamison v. Miracle Mile Rambler, Inc.*, 536 F.2d 560, 565–66 (3d Cir. 1976) (allowing deposition of insurer's attorney concerning his good faith in conducting settlement negotiations in prior wrongful death action).

### III. DISCUSSION

At the outset, the Court notes that Plaintiff names two of the eight witnesses from Defendants' Motion for Protective Order in his competing Motion to Compel. *See* ECF No. 62. Thus, the Court's discussion will pertain to the two witnesses at issue, Mr. Goodell and Mr. Reilly.

*McNamara v. Hess Corporation et al.*
1:20-cv-00060-WAL-GWC
Order
Page 8

**1. Plaintiff's Requested Discovery is Relevant and Defendant Has Not Shown Undue Burden**

To prevail on a motion for protective order the movant must show annoyance, embarrassment, oppression, or undue burden or expense. None of these have been proven in this case. In the matter at bar, Defendants fail to articulate with specificity the injury it would suffer if its witnesses were to comply with the one-hour depositions at issue. Instead, Defendants shift the burden to Plaintiff that he "cannot show the noticed depositions are relevant for resolving the narrow jurisdictional issue that Plaintiff raised." ECF No. 56 at 5.

The discovery requested by Plaintiff is relevant because jurisdiction remains at issue. Defendants assert that jurisdiction is proper. Plaintiff disagrees. ECF No. 71 at 4. Defendants conclude that Plaintiff's inquiry into the motivations for the merger is wholly irrelevant because, Defendants argue, Third Circuit case law precludes any finding by the Court that the merger, acknowledged to be motivated at least in part by jurisdiction, is illegitimate and/or collusive joinder. This motions colloquy is the improper forum to argue the issue of jurisdiction. Thus, this Order will not conduct a collusiveness inquiry, make a finding on the matter of the legitimacy of the merger, nor will it decide, at this time, whether Plaintiff's legal argument pertaining to jurisdiction has merit.

**2. The Apex Witness Doctrine Does Not Apply**

*McNamara v. Hess Corporation et al.*
1:20-cv-00060-WAL-GWC
Order
Page 9

The Apex Witness Doctrine does not apply here because Plaintiff has shown that Mr. Goodell and Mr. Reilly have personal knowledge. Plaintiff states that Mr. Goodell and Mr. Rielly are percipient fact witnesses to the merger because Mr. Goodell signed the merger paperwork ten times and Mr. Rielly signed four times. ECF No. 71 at 8. "That includes their signatures on the HOVIC Consent in Lieu, which is the only document produced by HONYC that articulates a reason for the merger." *Id*. As to whether this information could be obtained in a less burdensome way, Defendant has failed to show any specific burden. Defendants assert that "[t]he burden these noticed apex depositions pose must also be considered in light of the fact that the testimony is not relevant to any remaining issues," but does not explain any burden. ECF No. 75 at 8. Defendants fail to identify specific communications which may be shielded by a claim of privilege, nor do Defendants identify the "anticipated injuries that will result from disclosure." *Pepsi-Cola Metro. Bottling Co., Inc. v. Insurance Co. of N. Am., Inc*., Civil No. 10-mc-222, 2011 WL 23955, at *3 (E.D. Pa. Jan. 25, 2011).

**3. A Heightened Standard to Depose Counsel is Inapplicable**

There is no prohibition against Plaintiff obtaining the deposition of adverse counsel regarding relevant, non-privileged information. Defendants could succeed in precluding Mr. Goodell's deposition if it established undue burden. Instead, Defendants have argued that "Plaintiff fails to meet the heightened standard for deposing in-house counsel." ECF No. 75 at 10. When weighing the *Johnston* factors, Plaintiff's requested discovery is not

*McNamara v. Hess Corporation et al.*
1:20-cv-00060-WAL-GWC
Order
Page 10

disproportionate because jurisdiction, contrary to Defendant's assertions, is still at issue. The weight of intrusiveness of a one-hour deposition is negligible and Defendant has not shown otherwise. Defendant has not shown any harm to their representational rights. Defendant has not shown that the subject matter is heavily intertwined with privileged or confidential information that would warrant this Court holding Plaintiff's discovery request to a higher standard. In their Motion for a Protective Order, Defendant claims that Mr. Goodell's testimony "would likely implicate privileged attorney-client communications, mental impressions, and legal strategy related to the merger of HOVIC with and into HONYC." ECF No. 56 at 15. Yet in their Reply, Defendant states that "Mr. Goodell [ ] had limited involvement concerning the motivations for the HOVIC-HONYC merger." ECF No. 75 at 10. Weighing the *Johnston* factors and considering Defendant's inconsistent description of Mr. Goodell's involvement, Defendant has not established undue burden or oppression that would warrant a heightened standard to depose Mr. Goodell. Mr. Goodell is a fact witness and may be deposed concerning unprivileged information.

## IV. CONCLUSION

WHEREFORE, it is now hereby **ORDERED**:

1. Defendants' Motion for Protective Order (ECF No. 55) is **MOOT**;

2. Defendants' Amended Motion for Protective Order (ECF No. 59) is **GRANTED IN PART** as to witnesses Jacqueline Asafu-Adjaye, Eric Fishman, Robert Franzino, Seth Menell, Barry Schacter, and Amy Stapleton;

*McNamara v. Hess Corporation et al.*
1:20-cv-00060-WAL-GWC
Order
Page 11

3. Defendants' Amended Motion for Protective Order (ECF No. 59) is **DENIED IN PART** as to witnesses Timothy B. Goodell and John P. Rielly;

4. Plaintiff's Motion to Compel (ECF No. 62) is **GRANTED**; and

5. One-hour remote depositions of witnesses Mr. Goodell and Mr. Rielly—limited to the issue of jurisdiction—will be held within the next two weeks, on a date agreed upon by all parties.

ENTER:

Dated: September 15, 2021

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE